UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MAGALLANES,<br><br>    Plaintiff,<br><br>v.<br><br>N. SANCHEZ,<br><br>    Defendant. | Case No. 1:24-cv-01095-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 2) |

    Plaintiff is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. Along with his complaint, Plaintiff filed Motion for Appointment of Counsel. (ECF No. 2). Plaintiff states he has "multiple strong cases" and enumerates exhibits he would be presenting. (*Id.* at 1). Plaintiff states that "the district attorney's office has dismissed every case and [he] still get found guilty." (*Id.* at 2). Further, Plaintiff has medical records and he still gets "neglected for medical attention." (*Id.*) He states that submits grievances and sometimes he "don't receive nothing back." (*Id.*) His PTSD is getting worse, and he doesn't trust the law enforcement. (*Id.*)

    Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. District Court for S.D. Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court does not find exceptional circumstances here. It is too early in the case to determine Plaintiff's likelihood of success on the merits such that the interests of justice require the appointment of counsel. Plaintiff has not yet submitted an application to proceed in forma pauperis or paid the filing fee. In addition, the Court is currently waiting for Plaintiff to decide whether to file an amended complaint or stand on his current complaint. Finally, after the review of Plaintiff's pleadings, it appears that the legal issues involved are not extremely complex and that Plaintiff is able to articulate the facts underlying his claims with clarity and precision. Accordingly, the Court will deny Plaintiff's request for counsel without prejudice.

Based on the foregoing, **IT IS ORDERED** that:

1. Plaintiff's Motion for Appointment of Counsel (ECF No. 2) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: __September 17, 2024__        /s/ *Erica P. Grosjean*
                                     UNITED STATES MAGISTRATE JUDGE