UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MAGALLANES,<br><br>        Plaintiff,<br><br>   v.<br><br>N. SANCHEZ,<br><br>        Defendant. | Case No. 1:24-cv-01095-KES-EPG (PC)<br><br>SCREENING ORDER<br><br>FINDINGS AND RECCOMENDATIONS TO DISMISS THIS ACTION<br><br>(ECF No. 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

     Gabriel Magallanes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in in this civil rights action filed pursuant to 42 U.S.C. § 1983.

     Plaintiff filed the complaint commencing this action on September 16, 2024. (ECF Nos. 1, 12). On December 26, 2024, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 13). The Court gave Plaintiff thirty days to either "file an amended complaint . . . or file a notice stating that he wants to stand on [the original] complaint . . . ." (*Id.* at 1-2). Plaintiff filed his First Amended Complaint ("FAC") on January 25, 2025, (ECF No. 15), which is before this Court for screening.

     In his FAC, Plaintiff challenges a guilty finding in connection with a Rules Violation Report ("RVR") that Nurse Sanchez of Wasco State Prison filed against him. He also asserts various new and unrelated claims against numerous other defendants concerning plans to place Plaintiff in the General Population yard at High Desert State Prison, failure of letters to reach him, a lack of medical assistance, and not getting "the proper equal respect or protection."

1

The Court has reviewed Plaintiff's First Amended Complaint, and for the reasons described in this order, will recommend that Plaintiff's challenge to the RVR be dismissed for failure to state a claim for lack of procedural due process, and that Plaintiff's new and unrelated claims be dismissed without prejudice for improperly joining unrelated claims and failing to provide a short and plain statement of the claims.

Plaintiff has thirty days from the date of service of these findings and recommendations to file objections.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**II.   PLAINTIFF'S INTIAL COMPLAINT AND SCREENING ORDER**

Plaintiff initiated this action by filing a complaint on September 16, 2024.  (ECF No. 1). In that initial complaint, Plaintiff named Defendant Nurse Sanchez as the sole defendant.  (ECF No. 1 at 1, 2).  Plaintiff's complaint alleged that Defendant Sanchez wrongfully accused Plaintiff of sexual misconduct in retaliation for his previous assault of a correctional officer. (ECF No. 1 at 2-4).  Plaintiff also challenged the RVR as false and unsupported by evidence. (*Id.* at 4).

On December 26, 2024, the Court screened Plaintiff's complaint and found that there were no cognizable claims, and granted leave for Plaintiff to amend his complaint or file a notice of intent to stand on his original complaint.  (ECF No. 13 at 1-2).  In its screening order, the Court reviewed relevant legal standards for the Due Process clause, First Amendment (Retaliation), and false accusations.  (*Id.* at 4-9).  The Court also stated that "although [Plaintiff] has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims." (*Id.* at 9).

**III.   PLAINTIFF'S FIRST AMENDED COMPLAINT**

On January 27, 2025, Plaintiff filed a FAC against Defendants CDCR, N. Sanchez, Enriquez, Herrera-Beltran, Lt. Jimenez, and Sgt. Gilmore.  (ECF No. 15 at 1).  As to Claim 1, where the FAC asks which of Plaintiff's rights have been violated, Plaintiff writes: "Freedom from Cruel and Unusual Punishment, Right to Medical Care, Tampering with Mail, Due Process, Freedom of Association, Guilty with No Evidence, Stare Misconduct, Discrimination, Equal Protection."  (*Id.* at 3).  Plaintiff's FAC alleges the following regarding Claim 1:

> "N. Sanchez" accused me of indecent exposure while I was using the restroom. She was peaking by the side of the door. I said, "hey what are you looking at?" I assume she got scared and blame[d] me for it. "Enriquez" also accused me of indecent exposure for not covering the window when sitting on the toilet that same night. I also got written up for covering up the window that same day. Lt. Jiminez still found me guilty under "no evidence" even though the "Kern County D.A." dismissed the case for insufficient evidence.

(*Id.* at 3).

In the space provided for Claim 2, Plaintiff asserts a claim for "Wrongful Housing, Freedom from Cruel and Unusual Punishment, Right to Medical Care, Tampering with Mail, Equal Protection, Discrimination 'Disability.'" Plaintiff makes the following new allegations in connection with this claim:

> According to "Sgt. Gilmore in "High Desert State Prison" He told me when I was getting endorsed in another prison. He told me I was going to be okay to be in a "G.P." yard "General population" Knowing I'am [sic] "S.N.Y" and having yellow placards on my windows due to being falsely accused of "indecent exposure" multiple times. I asked to speak to him before the action happened and he just didn't care. Plus everytime when I tried to send letters for whatever reason my letters wouldn't get to where they were going, while in that prison It's clear its due to the lawsuit, also to this day I'am [sic] still having medical issue's [sic] getting assistance they refuse giving me the proper medication's and lastly I was and still don't get the proper equal respect or protection.

(*Id.* at 4).

As to damages, Plaintiff requests that he "get the help to get [his] court fee's [sic] paid for the trauma [he has] been going throug[h] with an additional $100,000." (*Id.* at 5).

## IV.  ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### A.  Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

4

color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Due Process

Plaintiff challenges his RVR as not supported by evidence. Accordingly, Plaintiff's complaint appears to allege that he did not receive procedural due process in connection with the RVR.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). With respect to

1  liberty interests arising from state law, the existence of a liberty interest created by prison
2  regulations is determined by focusing on the nature of the deprivation.  *Sandin v. Conner*, 515
3  U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom
4  from restraint which "imposes atypical and significant hardship on the inmate in relation to the
5  ordinary incidents of prison life."  *Id.* at 484.

6  Additionally, "[p]rison disciplinary proceedings are not part of a criminal prosecution,
7  and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff*, 418
8  U.S. at 556.  The minimum procedural protections prison officials must provide an inmate
9  facing disciplinary charges are: (1) a written notice of the charges at least 24 hours before the
10 disciplinary hearing; (2) a written statement by the factfinders detailing the evidence relied
11 upon and the reasons for the disciplinary action; (3) the right for the inmate to call witnesses
12 and present documentary evidence, unless doing so would be unduly hazardous to institutional
13 safety or correctional goals; and (4) assistance where the issues presented are complex or the
14 inmate is illiterate.  *See id.* at 564-70.

15 "Some evidence" must also support the hearing officer's decision, and the evidence
16 must have some indicia of reliability.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *accord*
17 *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).  The "some evidence" standard is minimally
18 stringent, and the relevant inquiry is whether "there is any evidence in the record that could
19 support the conclusion reached."  *Hill*, 472 U.S. at 455-56.  Furthermore, the Plaintiff must also
20 demonstrate that each named defendant personally participated in the deprivation of his rights.
21 *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009).

22 Plaintiff's complaint does not allege that the disciplinary proceedings lacked any of the
23 procedures required under *Wolff*.  For example, Plaintiff does not allege that he was denied
24 written notice of the charges at least 24 hours before his RVR hearing or a written statement by
25 the factfinders detailing the evidence relied upon and the reasons for the disciplinary action.

26 Instead, Plaintiff's FAC merely asserts that there was "no evidence" to support the RVR
27 finding against him.  Specifically, Plaintiff's FAC states "Lt. Jimenez still found me guilty
28 under 'no evidence' even though the 'Kern County D.A.' dismissed the case for insufficient

6

evidence." (ECF No. 15, at p. 3).

While it is true that a complete lack of evidence could state a claim for lack of procedural due process, Plaintiff's allegation that there was "no evidence" is not sufficient to assert such a claim. Plaintiff's allegation that he was found guilty on "no evidence" is conclusory. Plaintiff does not state what was or was not considered as part of the disciplinary proceeding. Plaintiff does not specifically allege that the Defendant Jimenez failed to consider anything at all, including any statements from any witnesses including Defendant Sanchez who Plaintiff alleges filed the RVR against him. Plaintiff does not allege that he failed to receive any written statement by the factfinders detailing the evidence relied upon and the reasons for the disciplinary action. Plaintiff does not attach or quote the RVR finding against him.

The Court identified this issue in its first screening order, and provided Plaintiff with direction as to what factual allegations would be needed to support Plaintiff's claim that he was found guilty despite the lack of any evidence, stating:

> Separately, Plaintiff's allegations do not demonstrate that the disciplinary proceedings lacked procedural due process required under *Wolff*. Plaintiff's complaint alleges that there was no evidence to support the RVR. However, his allegations are conclusory. He does not describe what evidence was gathered in the RVR, or what evidence was cited in the finding against him. Although he describes that Defendant Sanchez was a witness to the event, Plaintiff does not describe whether Sanchez made any statement as part of the proceedings. Thus, the Court cannot conclude based on these allegations that RVR finding lacked any evidence.

(ECF No. 13, at p. 6). However, despite these instructions, Plaintiff's complaint does not provide any supporting factual allegations to support his assertion that the RVR was upheld based on "no evidence."

Accordingly, the Court finds that Plaintiff's first amended complaint fails to state a constitutional due process claim related to the RVR for sexual misconduct.

    **C.**    **New Claims and Defendants**

In his FAC, Plaintiff also names numerous new defendants: CDCR, Enriquez, Herrera-Beltran, Lt. Jimenez, and Sgt. Gilmore. (*Compare* ECF No. 1 *with* ECF No. 15 at 1). Plaintiff's FAC also appears to assert new claims in the following allegations:

> According to "Sgt. Gilmore in "High Desert State Prison" He told me when I was getting endorsed in another prison. He told me I was going to be okay to be in a "G.P." yard "General population" Knowing I'am [sic] "S.N.Y" and having yellow placards on my windows due to being falsely accused of "indecent exposure" multiple times. I asked to speak to him before the action happened and he just didn't care. Plus everytime when I tried to send letters for whatever reason my letters wouldn't get to where they were going, while in that prison It's clear its due to the lawsuit, also to this day I'am [sic] still having medical issue's [sic] getting assistance they refuse giving me the proper medication's and lastly I was and still don't get the proper equal respect or protection.

(*See* ECF No. 15 at 3-4).

The Court recommends dismissing these new claims without prejudice to Plaintiff refiling them in another case if he chooses to do so.

First of all, such allegations are not sufficiently related to Plaintiff's claim regarding the RVR to proceed in the same case. A complaint must comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2).

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*K'Napp v. Cal. Dep't of Corr.*, Case No. 1:12-cv-01895-LJO-MJS, 2013 U.S. Dist. LEXIS 155165, at *4 (E.D. Cal., Oct. 29, 2013) (alterations in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. App'x. 791 (9th Cir. 2015); Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("[T]he 'same transaction' requirement[] refers to similarity in the factual background of a claim."). "Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party." *Washington v. Fresno County Sheriff*, Case No. 1:14-cv-00129-AWI-SAB, 2014 WL 641137, at *2 (E.D. Cal., Feb. 18, 2014).

In his new allegations, Plaintiff alleges that Sgt. Gilmore told Plaintiff he was going to be in a general population yard, despite Plaintiff being S.N.Y. (presumably Special Needs Yard) and having yellow placards on his windows due to being falsely accused of "indecent exposure" multiple times. Plaintiff also alleges that his letters did not go to their intended destination due to this lawsuit, and that Plaintiff is having medical issues and not receiving his medications.

These new allegations are not sufficiently related to Plaintiff's original claim to be joined in this lawsuit. The allegations against Sergeant Gilmore concern a different prison, High Desert State Prison, rather than Wasco State Prison. Although they concern allegations of "indecent exposure," they do not concern the RVR or the evidence supporting that RVR. Moreover, Plaintiff alleges that his safety concerns relate to being accused of indecent exposure "multiple times" and not just the one accusation by Nurse Sanchez that is at issue in claim 1. Additionally, the one defendant in claim 1, Nurse Sanchez, is not a defendant in claim 2. Moreover, the remaining allegations about lost mail and medical issues do not concern the RVR from claim 1, or Nurse Sanchez, in any way.

Therefore, the Court concludes these new allegations are not properly joined under Rule 20. As the Court informed Plaintiff in its Screening Order, "although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

complaints)." (ECF No. 13 at 9). "[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have held that new claims alleged for the first time in the amended pleading should be dismissed or stricken." *Lake v. City of Vallejo*, No. 2:19-CV-01439-DAD-KJN, 2023 U.S. Dist. LEXIS 154538, at *4-5 (E.D. Cal. Aug. 31, 2023) (quoting *Ketab Corp. v. Mesriani & Assocs.*, No. 2:14-cv-07241-RSWL-MRW, 2015 U.S. Dist. LEXIS 163133, at *22 (C.D. Cal. Dec. 4, 2015)). The rule that unrelated claims that involve different defendants must be brought in separate lawsuits is intended "to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Diaz v. CDCR*, No. 1:23-CV-01378-SAB-PC, 2024 U.S. Dist. LEXIS 14346, at *6 (E.D. Cal. Jan. 26, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 30512 (E.D. Cal. Feb. 22, 2024) (citing *George*, 507 F.3d at 607).

As indicated above, Plaintiff's new allegations concern different defendants and different underlying allegations. Such unrelated claims that involve different defendants must be brought in separate lawsuits; otherwise, Plaintiff would be circumventing the limitations PLRA imposes on incarcerated plaintiffs as well as paying the filing fees required by the rules of this Court.

The Court also recommends dismissing these new allegations without prejudice because they do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

1 face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Plaintiff's new allegations do not state a claim under this rule because they do not contain a clear and plain statement of his claims. Plaintiff includes very brief conclusory allegations about several matters, such as his mail issues and lack of medical care. But these bare allegations are not sufficient to identify any claim against any defendant.

In short, the First Amended Complaint does not give Defendants fair notice of Plaintiff's claims and the grounds upon which they rest. *See Lehman v. Nelson*, 862 F.3d 1203, 1211 (9th Cir. 2017). Therefore, the undersigned also recommends dismissing these new claims without prejudice because they fail to comply with Rule 8's "short and plain statement" requirements.

**V.   CONCLUSION**

The Court recommends that Plaintiff's claim that the RVR for sexual misconduct violated due process be dismissed with prejudice, and Plaintiff's claims against any remaining defendants be dismissed without prejudice. The Court also does not recommend giving Plaintiff further leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order, but failed to cure the deficiencies identified by the Court. Thus, it appears that further leave to amend would be futile.

Accordingly, **IT IS RECOMMENDED** as follows:

1. Plaintiff's claim 1 in the First Amended Complaint alleging that the RVR for sexual misconduct violated due process be dismissed with prejudice for failure to state a claim

2. Plaintiff's claim 2 in the First Amended Complaint be dismissed without prejudice for being improperly joined and failing to comply with Rule 8.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 17, 2025**          /s/ *Erica P. Grosjean*
                                      UNITED STATES MAGISTRATE JUDGE

12